UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HENRY L. LAMB,

    Petitioner,

vs.    Case No. 3:15-cv-531-J-39MCR

SECRETARY, DOC, et al.,

    Respondents.

## ORDER

Petitioner initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) on April 21, 2015, pursuant to the mailbox rule.[1] He challenges his 2010 Duval County conviction for burglary while armed, attempted murder I, attempted murder II, assault, grand theft, and fleeing a police officer.[2] Id. at 1.

---

[1] The Petition was filed with the Clerk on April 24, 2015; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (April 21, 2015). See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate pro se state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

[2] Petitioner is no longer confined in the Florida Department of Corrections.

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitation:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> ©) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents, in their Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely and, Alternatively, Answer to Petition (Response) (Doc. 8), contend that Petitioner has failed to comply with the limitation period. They provide exhibits in support of their contention. (Doc. 9).[3] Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Court's Order (Doc. 4). Petitioner filed a reply (Reply) (Doc. 10). Although Petitioner requests the appointment of counsel and an evidentiary hearing, Reply at 1, the Court declines to appoint counsel as no evidentiary proceedings are required in this Court.

The Court will address Respondents' claim of untimeliness. A thorough rendition of the procedural history is provided in the Response at 2-18. In pertinent part with regard to the question of timeliness, Petitioner entered and the trial court accepted a negotiated plea of guilty. Ex. J; Ex. K. On March 10, 2010, judgment and sentence were entered. Ex. L. Petitioner did not take a direct appeal. Ex. M at 3. His judgment and sentence became final on Friday, April 9, 2010, when the thirty-day time period to appeal expired. Green v. Tucker, No. 3:10cv418/MCR/MD,

---

[3] The Court refers to the Respondents' exhibits as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page. Otherwise, the Court will reference the page number on the particular document. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

2011 WL 6942895, at *3 (N.D. Fla. Nov. 17, 2011) (Not Reported in F.Supp.2d) ("It is well established that when a Florida defendant does not directly appeal his conviction, his conviction becomes final thirty (30) days after rendition of the order of judgment of conviction and sentence."), report and recommendation adopted by 2012 WL 13552 (N.D. Fla. Jan. 4, 2012).

The limitation period began to run on April 10, 2010, and ran for thirteen days, until Petitioner filed his first Rule 3.850 post conviction motion on April 23, 2010. Ex. N. The circuit court denied the Rule 3.850 motion in an order filed on December 2, 2010. Ex. AA. The one-year limitation period was tolled until June 6, 2011, when the mandate issued. Ex. FF. The limitation period began to run on June 7, 2011, and ran for a period of twenty-one days, until Petitioner filed a motion for post conviction relief in the circuit court on June 28, 2011. Ex. GG. In an order filed on August 4, 2011, the circuit court denied the motion, finding it to be successive. Ex. HH. The limitation period remained tolled until the thirty-day period to appeal expired on September 6, 2011.[4] The clock began to run on September 7, 2011 and continued to run untolled,[5] until Petitioner filed a petition for writ of

---

[4] The thirty-day period ran out on September 3, 2011, a Saturday, and Petitioner had until Tuesday, September 6, 2011, to file his appeal due to the holiday, which fell on Monday, September 5, 2011.

[5] Although Petitioner filed a motion seeking mitigation of his sentence pursuant to Fla. R. Crim. P. Rule 3.800(c), this motion

habeas corpus in the circuit court on March 5, 2012. Ex. KK. Thus, the limitation period ran for a period of 180 days until the filing of the petition. The limitation period was again tolled upon the filing of the petition. The circuit court denied the petition on March 27, 2012. Ex. LL. Petitioner moved for rehearing, and rehearing was denied. Ex. MM; Ex. NN. Petitioner did not appeal, and the thirty-day period for filing an appeal expired on Wednesday, May 23, 2012. Thus, the federal limitation period began to run on May 24, 2012, and the one-year period expired on Monday, October 22, 2012, when the remaining 151 days ran out.

Although Petitioner filed a petition for belated appeal of the order denying the petition for writ of habeas corpus prior to the expiration of the limitation period, asserting that he did not

---

does not qualify as an application for collateral review and does not toll the limitation period. Ex. II; Ex. JJ. Baker v. McNeil, 439 F. App'x 786, 788-89 (11th Cir. 2011) (per curiam) (finding Rule 3.800(c) concerns only pleas for mercy and leniency, not collateral review, and distinguishing the Rhode Island statute at issue in Wall v. Kholi, 560 U.S. 903 (2011)), cert. denied, 565 U.S. 1236 (2012). See Shanklin v. Tucker, No. 3:11cv357/RV/MD, 2012 WL 1398186, at *3 (N.D. Fla. March 21, 2012) (not reported in F.Supp.2d) (Report and Recommendation) (recognizing that "[i]n Baker, the Eleventh Circuit held that state court motion for discretionary sentence reduction pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure was not an application for state post-conviction or other collateral review, and thus petitioner's filing of such a motion did not toll the one-year limitations period for filing a federal habeas petition."), report and recommendation adopted by No. 3:11cv357/RV/MD, 2012 WL 1396238 (N.D. Fla. Apr. 23, 2012). As a result, there was no statutory tolling of the one-year statute of limitation by the filing of the Rule 3.800(c) motion.

5

timely receive a copy of the order denying rehearing, Ex. PP, the petition for belated appeal "does not qualify as an application for collateral review." Danny v. Sec'y, Fla. Dep't of Corr., 811 F.3d 1301, 1304 (11th Cir. 2016). As a result, there was no statutory tolling of the one-year statute of limitation by the filing of a motion for belated appeal. Simply, "filing a petition for belated appeal of an order denying state collateral relief does not toll the federal limitation period for a petition for a writ of habeas corpus." Id. at 1305 (quoting Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1141 (11th Cir. 2015)). Furthermore, the First District Court of Appeal denied the petition for belated appeal, Ex. QQ, and denied rehearing. Ex. SS. Thus, the state court did not reopen direct review.

Although on December 10, 2012, Petitioner filed a petition for belated appeal from the March 10, 2010 judgment and sentence, it was filed after the one-year period expired, and it was denied. Ex. TT; Ex. UU; Ex. VV; Ex. WW; Ex. XX; Ex. YY. It never triggered "a reexamination of his conviction or sentence[.]" Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1142 (11th Cir. Oct. 23, 2015). In this case, there was no "lift[ing of] the finality that had attached to his conviction and sentence." Agnew v. Florida, No. 16-14451, 2017 WL 962489, at *5 (S.D. Fla. Feb. 1, 2017), report and recommendation adopted by No. 1614451, 2017 WL 962486 (S.D. Fla. Feb. 22, 2017).

Finally, the remainder of Petitioner's post conviction filings did not operate to toll the limitations period as they were filed following the expiration of the limitations period. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Based on the record before the Court, Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. Petitioner has failed to show an extraordinary circumstance, and he has not met the burden of showing that equitable tolling is warranted.[6]

---

[6] In order to be entitled to equitable tolling a petitioner is required to demonstrate two criteria: (1) the diligent pursuit of his rights and (2) some extraordinary circumstance that stood in his way and that prevented timely filing. Agnew, 16-14451-CIV, 2017 WL 962489, at *5. It is the petitioner's burden of persuasion, and this Petitioner has not met the burden. Indeed, he has not pled "enough facts that, if true, would justify an evidentiary hearing on the issue." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014) (quoting Hutchinson v. Fla., 677 F.3d 1097, 1099 (11th Cir. 2012)), cert. denied, 135 S.Ct. 1171 (2015). Petitioner claims his judgment was void, but the Court is not persuaded. Petitioner's original conviction was reversed and remanded on direct appeal, Ex. G, and when Petitioner had the opportunity to enter a negotiated plea of guilty, he took it. Ex. I. As noted by the circuit court, when the First District addressed an issue concerning one count of the judgment and sentence and reversed and remanded the matter to the trial court,

Additionally, Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Therefore, this Court will dismiss the case with prejudice pursuant to 28 U.S.C. § 2244(d).[7]

Accordingly, it is now

**ORDERED:**

1. Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely (Doc. 8) is **GRANTED.**

2. The Petition and the case are **DISMISSED WITH PREJUDICE.**

3. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

4. The **Clerk** shall close the case.

5. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[8] Because this Court

---

the circuit court reversed all of the convictions and sentences in the case, which placed the Petitioner back to the pretrial stage. Ex. AAA at 34. Petitioner elected to enter into a negotiated plea with the state as to all charges. Id. The decision of the First District reads "reversed and remanded," and there is no language of limitation. Ex. G. Based on this appellate decision, the Florida Department of Corrections released Petitioner from the custody of the Department to face a new trial, Ex. I, or as occurred in this case, to enter into a negotiated plea as to all counts as accepted by the circuit court.

[7] In his grounds for habeas relief, Petitioner contends that there were double jeopardy and speedy trial violations. Petition at 5-6. He does not, however, claim actual innocence, see Petition & Reply, and has failed to demonstrate that he has new evidence establishing actual innocence.

[8] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a

has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of October, 2017.

_____
BRIAN J. DAVIS
United States District Judge

sa 10/19
c:
Henry L. Lamb
Counsel of Record

---

constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.